## LYBRAND VS. CARSON.

1. JUSTICE'S COURT — TITLE TO LAND. The legislative assembly had authority, under the organic act, to regulate and limit the jurisdiction of justices' courts within the restrictions it contains, and to provide, where, in an action for the recovery of less than $50, for trespass upon lands, if the defendant justified by a plea of title, that the case, and all proceedings therein, should be certified and returned to the district court.
2. SAME. Upon filing the papers and proceedings in such case in the office of the clerk of the district court, it is the duty of such court to entertain jurisdiction of the case, and proceed therein to final judgment.
3 SAME. Where, upon the plaintiff's own showing, the title to lands is in question in a case in justice's court, it is the duty of the justice to dismiss the case for want of jurisdiction.

ERROR to the District Court for *Green* County.
The case is stated in the opinion of the court.
*J. A. Bingham* and *J. G. Knapp*, for plaintiff in error.
*S. P Candee*, for defendant in error.

MILLER, J.  It appears that the plaintiff in error commenced this suit, before a justice of the peace, against the defendant in error, for entering his close and cutting timber thereon.  The defendant appeared to the suit, and pleaded title in himself to the premises described in the plaintiff's declaration, and thereupon the justice, in pursuance of the statute, ceased all further proceedings in the case, and certified it to the district court.  The defendant, by his attorneys, appeared in the district court and moved the court to dismiss the suit and proceedings, upon the ground of want of jurisdiction in the justice.  The said motion was allowed by the court, and the suit was dismissed, which is here assigned for error.

In section 9 of the act establishing the territorial government of Wisconsin, is a provision that justices of the peace "shall not have jurisdiction of any matter where the title or boundaries of land may be in dispute, or where the debt or sum claimed exceeds $50."  In pursuance of this act of congress, the legislative assembly enacted the law concerning justices of the peace, in which (Rev. Stat. 322) jurisdiction is conferred upon justices of the peace in actions of trespass to injuries to real and personal property, and (p. 325 of the same statutes) it is provided that if, in a suit for a trespass upon lands or tenements, the defendant shall justify by a plea of title, the justice shall immediately make an entry of it in his docket, shall cease all further proceedings in the case, and certify and return to the district court of the county a transcript of all the entries made in his docket relating to the case, together with all the processes and other proceedings relating to the suit; and, upon the filing of the proceedings and the papers in the office of the clerk, the court shall become possessed of the cause, and proceed therein to final judgment.  From these statutes it satisfactorily appears that the justice had legal authority to issue the process, to record the return to the same, to enter the pleadings of the parties, and had full and complete jurisdiction of the suit and

Lybrand vs. Carson.

the parties, until the defendant ousted him therefrom by his plea of title.·

The plaintiff came into the justice's court legally, and was entitled to be heard therein. He was not presumed to know that the defendant had or claimed title to the land, and, even if he did, he was not presumed to know that the title would be pleaded. In addition to this, as his claim did not exceed $50, he could not commence his suit in the district court without liability for costs, unless the defendant there should plead his title, which he would not be bound to do. As the defendant, by his plea, ousted the justice of the jurisdiction that had previously thereto existed in him, it cannot be pretended that this ouster shall operate so as to render the writ extra-judicial and void. It became highly proper and necessary for the legislative assembly, under the prohibition in the organic law, to provide for the removal of suits to the district court after the plea of title should be interposed. Without such a law, any defendant in trespass could oust the justice of jurisdiction without a shadow of right or claim to the land. Justice could not be administered to plaintiffs in small cases without such a law. It cannot be doubted for one moment that the legislative assembly had the power to pass the act providing for this proceeding. It has the power to limit the jurisdiction of the courts, except where the limitation is fixed by the organic law, and has power to prescribe the manner in which writs may be purchased, and to regulate the proceedings thereon. All writs may, by law, be authorized to be issued by justices of the peace, and made returnable to the district court, although it would be an anomalous practice. As a justice has not jurisdiction of a suit wherein the title to land comes in question, the legislature could not adopt a more simple or proper mode of preserving the rights of a plaintiff when the defendant chose to raise the issue. The plaintiff having a claim known to the law, and being in the legal and constitutional court for the disposition of his suit, he was entitled

to be placed in a court where his cause could be disposed of, after the defendant had ousted him from the proper tribunal. Reverse the case, and make the defendant the plaintiff in the justice's court, in a suit to try the title to the land, and it would be clear of all doubt that the proceeding would be extra-judicial and void. But it will not do to permit the defendant in the suit under consideration, by his plea, to oust the justice of jurisdiction legally attached, and then follow the plaintiff into the district court, and there say to him that "because I have, by my plea, deprived you of a trial in a tribunal legal and proper for the disposition of your case in the first instance, you shall not be heard in this court either. It must also be borne in mind that, in suits under $50, the district court and justices of the peace have concurrent jurisdiction, the only difference being as to the costs, which cannot be allowed the plaintiff if he comes into court in the first instance, with a case cognizable before a justice.

It is an error to liken this case to an appeal from the judgment of a justice to the district court, in respect to jurisdiction. In an appeal whenever it appears that the plaintiff had originally gone into a court limited in jurisdiction below the amount of his claim or demand, it becomes the duty of the court to dismiss his suit for want of jurisdiction, for the appellate court cannot exercise greater jurisdiction of the subject-matter, than the original court.

The appeal does not enlarge the jurisdiction as to the amount claimed. In cases of appeal the suit is dismissed because the plaintiff has gone into the wrong court, but in this case the plaintiff was in the right court for his demand, and the justice was compelled to cease all further proceedings here, by the act of the defendant. This suit appeared in the district court the same, as if it had been originally brought there; an original action, without any previous adjudication of the merits. Such a proceeding as this is provided for by statute in almost

every State in the Union, and it does not appear that the question of jurisdiction has ever been raised before. In New Hampshire the justice's jurisdiction is limited by the constitution, in terms similar to those used in the organic law of this Territory. The legislature made provision for a proceeding in cases wherein the plea of title interposed before justices of the peace, similar to that embraced in our statute and above quoted, which is sustained and enforced by the courts of that State. *Foster* v. *Levitt,* 8 N. H. 353. The certificate of the justice is a mere ministerial or clerical act.

The court directs that the judgment of the district court be reversed, with a mandate to the said court to reinstate the suit upon the docket and proceed therein according to law.